UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK EUGENE HATCHER,

        Plaintiff,

v.                                  Case No. 3:26-cv-1129-MMH-PDB

LT. AIKIN, et al.,

        Defendants.

_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Mark Eugene Hatcher, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 against seven Defendants at Florida State Prison (Complaint; Doc. 1). His handwriting is nearly impossible to decipher, but it appears he is complaining about having been sprayed with chemical agents, asserting the chemicals "can cause a health hazard" because he is a diabetic with high blood pressure. See Complaint at 6–7. He also complains about other conditions of his confinement, including being placed on property restriction; being served "a starvation management meal"; being deprived of his right to shower; and various plumbing, lighting, ventilation, and pest issues. Id. at 6, 15, 18–20.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.[1]

This Court takes judicial notice of other actions previously brought by Hatcher that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:23-cv-1302-HES-LLL (M.D. Fla.) (failure to state a claim); (2) 3:24-cv-1017-MMH-SJH (M.D. Fla.) (failure to state a claim); and (3) 3:25-cv-1098-WWB-MCR (M.D. Fla.) (failure to state a claim).[2] Because Hatcher has had three or more

---

[1] Hatcher has not paid the filing fee, but he asserts in his Complaint that he has no money. See Complaint at 14. The Court construes his statement as a request to proceed in forma pauperis.

[2] This Court has designated Hatcher a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). See 3:26-cv-220-WWB-LLL (M.D. Fla. Feb. 5, 2026).

prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. Hatcher may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $405.00 filing fee.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      This case is hereby **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-6
c:
Mark Eugene Hatcher

3